## Friday, May 29, 1992
## MERIT DOCKET

**92–972.** State ex rel. Rogers v. Taft. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus regarding an expedited election matter. Upon consideration of relator's request for a peremptory writ in the first instance,

IT IS ORDERED by the court that said writ be, and the same is hereby, denied, effective May 28, 1992.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

## MOTION DOCKET

**89–2136.** State v. Bonnell. *Cuyahoga County*, No. 55927. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective May 28, 1992.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

**91–2218.** State v. Storch. *Erie County*, No. E–90–18. This cause is pending before the court as an appeal from the Court of Appeals for Erie County. Upon consideration of appellee's motion to reduce bail,

IT IS ORDERED by the court that said motion to reduce bail be, and the same is hereby, denied, effective May 28, 1992.

HOLMES and WRIGHT, JJ., dissent and would reduce bail to $100,000.

RESNICK, J., not participating.

**92–442.** Akron v. McMaster. *Summit County*, No. 15149. This cause came on for further consideration upon appellant's motion for stay. Upon consideration thereof,

IT IS ORDERED by the court that said motion for stay be, and the same is hereby, denied, effective May 28, 1992.

## DISCIPLINARY DOCKET

**92–425.** Toledo Bar Assn. v. McGill. Upon consideration of the motion of the Academy of Rail Labor Attorneys and the Association of Trial Lawyers of America for leave to file brief *amicus curiae,*

IT IS ORDERED by the court that said motion for leave to file brief *amicus curiae* be, and the same is hereby, granted, effective May 28, 1992.

MOYER, C.J., dissents.

RESNICK, J., not participating.

**92–425.** Toledo Bar Assn. v. McGill. Upon consideration of the motion of John J. Rossi, James L. Cox, Jr., Bob Gibbins and Jeff White for leave to appear *pro hac vice,*

IT IS ORDERED by the court that said motion for leave to appear *pro hac vice* be, and the same is hereby, granted, effective May 28, 1992.

MOYER, C.J., dissents.

RESNICK, J., not participating.

**92–426.** Toledo Bar Assn. v. Leizerman. Upon consideration of the motion of the Academy of Rail Labor Attorneys and the Association of Trial Lawyers of America for leave to file brief *amicus curiae,*

IT IS ORDERED by the court that said motion for leave to file brief *amicus curiae* be, and the same is hereby, granted, effective May 28, 1992.

MOYER, C.J., dissents.

RESNICK, J., not participating.

**92–426.** Toledo Bar Assn. v. Leizerman. Upon consideration of the motion of John J. Rossi, James L. Cox, Jr., Bob Gibbins and Jeff White for leave to appear *pro hac vice,*

IT IS ORDERED by the court that said motion to appear *pro hac vice* be, and the same is hereby, granted, effective May 28, 1992.

MOYER, C.J., dissents.

RESNICK, J., not participating.

## MISCELLANEOUS DISMISSALS

**92–571.** McCarthy v. Groszewski. *Lucas County,* No. L–91–199. *Sua sponte,* cause dismissed for want of prosecution, effective May 28, 1992.

**92–613.** State v. Robinson. *Montgomery County,* No. CA 12000. *Sua sponte,* cause dismissed for want of prosecution, effective May 26, 1992.

**92–788.** State ex rel. Keenan v. McGrath. *Cuyahoga County,* No. 63198. This cause, here on appeal from the Court of Appeals for Cuyahoga County, was considered in the manner prescribed by law. Upon consideration of appellant's application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective May 28, 1992.

**92–804.** Sykes Constr. Co. v. Martell. *Summit County,* Nos. 15034 and 15038. Cause dismissed, on appellant's application for dismissal, effective May 28, 1992.

### Tuesday, June 2, 1992
## MOTION DOCKET

**91–2384.** Tokles & Sons, Inc. v. Midwestern Indemn. Co. *Lucas County,* No. L–89–395. On motion to dismiss, motion to strike appellant's record and to dismiss, and motion to strike appellee's motion for reconsideration and motion to vacate order. Motions denied.

RESNICK, J., not participating.

On motion for leave to file record instanter. Motion granted.

SWEENEY, HOLMES and DOUGLAS, JJ., dissent.

John W. McCormac, J., of the Tenth Appellate District, sitting for RESNICK, J.

## DISCIPLINARY DOCKET

**92–417.** Cincinnati Bar Assn. v. Fehler–Schultz. Upon consideration of respondent's motion to stay the proceedings before this court and/or to consolidate the above-styled cause with *Cincinnati Bar Assn. v. Thomas P. Woods,* which is presently pending before the Board of Commissioners on Grievances and Discipline,

IT IS ORDERED by the court that said motion be, and the same is hereby, denied, effective June 1, 1992.

HOLMES and H. BROWN, JJ., dissent.